UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN IMPERIAL MENDOZA, | No.  2:25-cv-01043-DC-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOSEPH TUGGLE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se.  He has filed a petition for writ of habeas corpus.  28 U.S.C. § 2254.  He has paid the filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  *Id.*  Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  Advisory Committee Notes to Rule 4; *see Blackledge v. Allison*, 431 U.S. 63, 75, n.7 (1977).

1

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition that petitioner and appended exhibits that is not entitled to federal habeas relief.

Federal courts may not entertain habeas petitions brought under § 2254 if success on the petition would not necessarily accelerate the petitioner's release from custody.  *Nettles v. Grounds*, 830 F.3d 992, 934-35 (9th Cir. 2016) (*en banc*).

Petitioner alleges that CDCR staff have placed false information in his prison file identifying him as a sex offender.  ECF No. 1.  If the court were to determine that petitioner's federal rights have been violated by the inclusion of this information in his file and were to order the expungement of such documents from the file, petitioner's release would not necessarily be accelerated.  Because success would not necessarily accelerate petitioner's release, he must bring his claim, if at all, in a civil rights action under 42 U.S.C. § 1983.  *Id.* at 934.  Therefore, the petition is subject to summary dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed without prejudice and without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2